# In the United States District Court
## for the Southern District of Georgia
### Brunswick Division

FILED
U.S. DIST COURT
BRUNSWICK DIV.
AUG -5 A 10: 17

WILLIAM MILLEDGE,  :      CIVIL ACTION
CATO WALTHOUR, and
SAMUEL WALTHOUR, :

    Plaintiffs, :

    v. :

RAYONIER INC., :

    Defendant. :      NO. CV204-133

# O R D E R

Plaintiffs, William Milledge, Cato Walthour, and Samuel Walthour, filed the above-captioned case against Defendant, Rayonier Inc., asserting race discrimination claims under Title VII and related state law claims. Presently before the Court is Rayonier's motion to sever. Because Milledge's claim arises out of a separate transaction or occurrence, Rayonier's motion will be **GRANTED**.

AO 72A
(Rev. 8/82)

## BACKGROUND

Rayonier operates a paper pulp mill in Jesup, Georgia. In 1974, Milledge, a black man, began working at the mill. Milledge is a lead operator in the mill's Machines and Finishing Department, and has been employed in that department since he began working at the mill. Like his coworkers, he has filled in for absent shift supervisors from time to time during his tenure. In September 2003, Milledge applied for a promotion to become a shift supervisor in his department, but was not chosen for the job. Susan Stewart, a white woman with less experience, but with a four year degree, was selected instead.

Milledge suspected that he was passed over due to his race, not because he lacked sufficient education. So on December 29, 2003, he filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"). In his EEOC Charge, in addition to complaining about Rayonier's failure to promote him, Milledge asserted that white co-workers were given more opportunities to substitute for absent supervisors than he received.

Cato Walthour and Samuel Walthour are Maintenance Support Utility Level II technicians in the mill's Maintenance

2

Department. In 1972, Cato Walthour began working at the mill, as a laborer in the bleach plant. In the Maintenance Department, Cato Walthour operates a cherry picker, flatbed truck, and Bobcat machinery. In 1972, Samuel Walthour also began working at the mill, doing yard utility work. His typical duties include operating a jackhammer, building scaffolds, and shoveling.

Cato Walthour and Samuel Walthour, both black men, contend that Rayonier discriminated against them on the basis of their race by assigning more lucrative, less-labor intensive work to less senior, white maintenance workers. Cato Walthour and Samuel Walthour assert that Hugh Harvey and Gary Bowen were assigned vibration testing work, without either Plaintiff having been offered the assignments.

On January 18, 2001, Cato Walthour and Samuel Walthour filed a grievance through their trade union, the Paper, Allied-Industrial, Chemical & Energy Workers International Union, Local 3-787, contesting the job assignments. Although their grievance was unsuccessful, on August 19, 2003, Cato Walthour and Samuel Walthour filed another grievance regarding this assignment of duties, seeking the difference in pay between

3

their wages and what Harvey and Bowen were earning doing vibration testing.

When the grievance was rejected in 2003, Cato Walthour and Samuel Walthour took their complaints to the federal government. On December 30, 2003, Cato Walthour submitted a Charge of Discrimination against Rayonier to the EEOC regarding this conduct. The next day, Samuel Walthour did likewise.

**DISCUSSION**

Federal Rule of Civil Procedure 20(a) provides, in pertinent part:

> All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action.

Rule 21 states in part that: "[p]arties may be dropped or added by order of the court . . . at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately."

In the instant case, Milledge worked in a different department than Cato Walthour and Samuel Walthour. Milledge performed a different job, under a different supervisor than

4

the other Plaintiffs. Moreover, it does not appear that Plaintiffs' witnesses or documentary evidence overlap. The witnesses named by Milledge during his deposition are all different than those identified by Cato Walthour and Samuel Walthour. This indicates that Milledge's factual allegations of discrimination are distinct.

Plaintiffs have not asserted that a common supervisor or company official was responsible for the alleged discrimination. Under Rule 20, it is not sufficient to allege that all Plaintiffs suffered racial discrimination at Rayonier during roughly the same time period. Without any kind of allegation from Plaintiffs as to how these incidents were connected, Milledge's claim should not have been joined with the claims of Cato Walthour and Samuel Walthour. See Grayson v. K-Mart Corp., 849 F. Supp. 785, 787-89 (N.D. Ga. 1994).

At this point in the lawsuit, it is incumbent on Plaintiffs to offer specific facts that would allow the Court to conclude that the Milledge's case is related logically to the other Plaintiffs' cases. Mack v. J.C. Penney Co., 108 F.R.D. 30, 32 (S.D. Ga. 1985); Sheets v. CTS Wireless Components, Inc., 213 F. Supp. 2d 1279, 1286-87 (D.N.M. 2002); Mosley v. General Motors Corp., 497 F.2d 1330, 1333 (8th Cir.

5

AO 72A
(Rev. 8/82)

1974). Depositions have been taken of all Plaintiffs, yet neither Plaintiffs' sworn testimony, nor Plaintiffs' perfunctory brief opposing the motion to sever, indicates how Milledge's claim bears any relationship to the claims of Cato Walthour and Samuel Walthour.[1]

Milledge's right to relief does not arise out of the same transactions or occurrences as the other Plaintiffs' claims. Because Plaintiffs fail to satisfy the permissive joinder provisions of Rule 20, Milledge's claim shall be severed and proceeded with apart from the claims of Cato Walthour and Samuel Walthour, which shall remain joined.

The Court recognizes that Plaintiffs' complaint contains a conclusory allegation that discrimination was a "general policy" at Rayonier. However, Plaintiffs have failed to elaborate on this theory during the pendency of the case. Thus, there are no known efficiencies that will result for the parties or the Court by a consolidated trial. A consolidated trial would be prejudicial to Rayonier under these circumstances. As a result, separate trials would also be

---

[1] As for Plaintiffs' objection to the timing of Defendant's motion, the Court notes that Rule 21 provides that such motions are proper at "any stage of the action[.]" Rayonier's motion may have been delayed by Plaintiffs' bare-bones complaint and purportedly dilatory discovery responses. See Doc. Nos. 13, 21.

6

appropriate under Rule 42 of the Federal Rules of Civil Procedure.

**CONCLUSION**

For the reasons discussed above, Rayonier's motion to sever is **GRANTED**. See Doc. No. 14.

**SO ORDERED**, this  4th  day of August, 2005.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)

# United States District Court
## *Southern District of Georgia*

ATTORNEYS SERVED:

WALTER D. ADAMS
ROBERT BUCKLER
WALLACE E. HARRELL
LINDSAY S. MARKS
EVAN H. PONTZ

CASE NO: CV204-133
DATE SERVED: 8/5/05
SERVED BY: NITA ROSE

☐ Copy placed in Minutes
☑ Copy given to Judge
☐ Copy given to Magistrate