# In the United States District Court
## for the Southern District of Georgia
### Brunswick Division

CATO WALTHOUR and : CIVIL ACTION
SAMUEL WALTHOUR,
:
    Plaintiffs,
:
    v.
:
RAYONIER INC.,
:
    Defendant.     NO. CV204-133

## O R D E R

Plaintiffs, Cato Walthour and Samuel Walthour, filed the above-captioned case against Defendant, Rayonier Inc., asserting race discrimination claims under Title VII and related state law claims for intentional infliction of emotional distress.

Presently before the Court is Rayonier's motion for summary judgment. Because there are no genuine issues of material fact in dispute, the motion will be **GRANTED**.

AO 72A
(Rev. 8/82)

**BACKGROUND**

Rayonier operates a paper pulp mill in Jesup, Georgia. The Walthours are Maintenance Support Utility Level II technicians in the mill's Maintenance Department. In 1972, Cato Walthour began working at the mill, as a laborer in the bleach plant. In his current position, Cato Walthour operates a cherry picker, flatbed truck, and Bobcat machinery. In 1972, Samuel Walthour also began working at the mill, doing yard utility work. His typical duties include operating a jackhammer, building scaffolds, and shoveling.

Plaintiffs, both black men, are first cousins. They contend that Rayonier discriminated against them by assigning more lucrative, less labor-intensive work to less senior, white maintenance workers. The Walthours aver that Hugh Harvey and Gary Bowen were assigned vibration testing work, without either Plaintiff having the chance to take the assignments first.

Bowen and Harvey began performing the work in the 1990s and, for the first few years, the men performed the work on a full-time basis. However, for the past several years, the vibration testing work has been done by millwrights on a regular basis. Bowen and Harvey have continued to perform this

AO 72A
(Rev. 8/82)

work on a relief basis when millwrights were unavailable or absent.

Bowen and Harvey began earning more than the Walthours, when performing vibration testing duties, at the time Bowen's and Harvey's union filed a grievance on their behalf toward the end of 2000.

On January 8, 2001, Plaintiffs filed a grievance through their trade union, the Paper, Allied-Industrial, Chemical & Energy Workers International Union, Local 787, contesting the job assignments. Although this grievance was unsuccessful, on August 19, 2003, the Walthours filed another grievance regarding this assignment of duties, seeking the difference in pay between their wages and what Harvey and Bowen were earning.

When the second grievance was rejected, the Walthours took their complaints to the federal government. On October 7, 2003, Plaintiffs signed a charge questionnaire, jointly, and mailed it to the U.S. Equal Employment Opportunity Commission ("EEOC"), challenging Rayonier's conduct as racially motivated. On December 30, 2003, Cato Walthour submitted a perfected charge of discrimination against Rayonier to the EEOC. The next day, Samuel Walthour also filed an individual, perfected charge of discrimination.

AO 72A
(Rev. 8/82)

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c) provides for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Facts are "material" if they could affect the outcome of the suit under the governing substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court must view the facts in the light most favorable to the non-moving party, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986), and must draw "all justifiable inferences in his favor. . . ", United States v. Four Parcels of Real Property, 941 F.2d 1428, 1437 (11th Cir. 1991)(en banc)(internal quotation marks omitted).

## DISCUSSION

I. **No Evidence of Pretext on the Walthours' Failure to Promote Claims**

To establish a prima facie case of discrimination with respect to a failure to promote claim, a plaintiff must prove (1) that he belongs to a protected class, (2) that he was

4

qualified and applied for the promotion, (3) that he was not promoted, and (4) that the employer promoted someone outside the protected class. Walker v. Mortham, 158 F.3d 1177, 1185-93 (11th Cir. 1998).

If a prima facie case is presented, the employer must assert a legitimate, nondiscriminatory reason to justify the promotion decision. Id. at 1184. If the employer does so, the employee bears the ultimate burden of proving discrimination by showing that the employer's justification was a pretext for discrimination. Id.

In the instant case, the Walthours have established a prima facie case, and Rayonier has offered legitimate, nondiscriminatory reasons justifying its decision to promote Bowen and Harvey instead of the Walthours. During the time period at issue in this suit – that is, since April 2003,[1] there is no dispute that Bowen and Harvey had been doing vibration testing work at Rayonier for several years, some of which was on a full-time basis. As a result, it would be rational for Rayonier to continue to promote these men to do the vibration testing work on a relief basis during the time

---

[1] Plaintiffs submitted their charging questionnaire to the EEOC around October 7, 2003. Thus, as discussed in a previous order in this case, any failure to promote claim arising prior to April 10, 2003, is untimely. See Dkt. No. 53 at 8-9 & n.2.

period at issue in this complaint. The fact that an employee possesses greater experience at a particular job than another worker is a legitimate, nondiscriminatory reason that justifies an employer's promotion decision. E.g., Moulds v. Wal-Mart Stores, Inc., 935 F.2d 252, 255 (11th Cir. 1991).

> A plaintiff is not allowed to recast an employer's proffered nondiscriminatory reasons or substitute his business judgment for that of the employer. Provided that the proffered reason is one that might motivate a reasonable employer, an employee must meet that reason head on and rebut it, and the employee cannot succeed by simply quarreling with the wisdom of that reason.

Chapman v. AI Transp., 229 F.3d 1012, 1030 (11th Cir. 2000).

To establish pretext, the Walthours were obliged to adduce sufficient evidence to give a jury a reasonable basis to disbelieve their employer's proffered reason for the promotions. Neither plaintiff has submitted any evidence, or pointed to any fact in the record that would support a finding that Rayonier's stated rationale is unworthy of credence. Ross v. Rhodes Furniture, Inc., 146 F.3d 1286, 1291 (11th Cir. 1998).

As a result, summary judgment is appropriate in Rayonier's favor on the Walthours' failure to promote claims.

AO 72A
(Rev. 8/82)

## II. The Walthours Failed to Satisfy the Administrative Prerequisites to Assert Hostile Work Environment Claims

"The starting point for determining the permissible scope of a judicial complaint is the administrative charge and investigation." Griffin v. Carlin, 755 F.2d 1516, 1522 (11th Cir. 1985). "A plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can be reasonably expected to grow out of the charge of discrimination." Mulhall v. Advance Sec., Inc., 19 F.3d 586, 589 n.8 (11th Cir. 1994).

The only allegations raised in the Walthours' respective EEOC charges was that Rayonier failed to promote them. "Allegations of discrimination based upon a racially hostile work environment are not 'like or related to' other allegations that a defendant failed to promote based on race." See, e.g., Miller v. Rayonier, Inc., CV200-032, 2001 U.S. Dist. LEXIS 15995, *14-*15 (S.D. Ga. Aug. 1, 2001)(citing decisions).

Thus, Plaintiffs' hostile work environment claims are legally barred for failure to raise these allegations before the administrative agency.

### III. Rayonier Did Not Intentionally Inflict Emotional Distress on the Walthours

To establish liability for intentional infliction of emotional distress under Georgia law, a plaintiff must show: (1) that the defendant acted intentionally, or in reckless disregard for the rights of others, (2) that the actions of the defendant would naturally humiliate, embarrass, frighten, or outrage the plaintiff, and (3) that the conduct caused the plaintiff's mental suffering. Moses v. Prudential Ins. Co. of Amer., 187 Ga. App. 222, 225-26 (1988).

As discussed above, there is a reasonable basis to justify Rayonier's promotion decisions in the case sub judice, and there is no evidence of pretext underlying the decision. Consequently, there is no basis to conclude that the company made its promotion decision to cause the Walthours any emotional upset or distress. While the Walthours may be disappointed with the promotion decisions, it cannot be said that Rayonier's conduct was "extreme" or "outrageous." Kornegay v. Mundy, 190 Ga. App. 433, 434 (1989).

Consequently, summary judgment is appropriate in Rayonier's favor on the Walthours' claims under Georgia law.

AO 72A
(Rev. 8/82)

**CONCLUSION**

For the reasons discussed above, Rayonier's motion for summary judgment is **GRANTED**. See Dkt. No. 56. The Clerk is directed to enter judgment accordingly.

**SO ORDERED**, this 30th day of November, 2005.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)